**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID JOHN FULLERTON                     *

                                         *

                                         *

        v.                               *        CIVIL NO. WMN-00-0302

                                         *

                                         *

                                         *

LOWE'S COMPANIES, INC., et al.           *


### MEMORANDUM OPINION


David John Fullerton sues Lowe's Home Centers, Inc., and Lowe's Companies, Inc.

[collectively "Lowe's"] in tort.  The companies move for summary judgment.


I.

Fullerton was shopping at a Lowe's store in Frederick, Maryland.  He took a cart that

Lowe's had made available for customer use.  The cart had two pairs of wheels and a flat bottom.

One pair of wheels was at the end of the cart, but the other pair of wheels was not all the way at

the other end, but located between the end and the midpoint of the cart.  Fullerton began to load

the cart with boxes of tiles.  As he added the twentieth box of tiles, all on the end of the cart that

did not have wheels directly under it, the cart tipped.  The cart and the boxes of tiles fell on

Fullerton's foot, breaking bones and leading to profuse bleeding.

Lowe's places warning labels on some platform trucks in use at its stores, but no warning

labels were on the cart that injured Fullerton.

-1-

II.

Summary judgment is proper if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine dispute about a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must draw all reasonable factual inferences in favor of the non-movant. 477 U.S. at 255. Where there is a complete failure of proof on one of the elements of the cause of action, all other material questions of fact become immaterial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

To establish a claim for negligence, Fullerton must show a duty, a breach of the duty, actual harm, and proximate cause. Rosenblatt v. Exxon Co., 335 Md. 58, 76, 642 A.2d 180, 188 (1994). Lowe's does not dispute that the store was an invitor and Fullerton its invitee. A business owner's duty to warn business invitees of harm is triggered when the owner has actual or constructive knowledge of the hazardous condition and has an opportunity to correct the problem or warn the invitee.[1] Carter v. Shoppers Food Warehouse Md. Corp., 126 Md. App. 147, 160, 727 A.2d 958, 965 (1999). Lowe's argues that Fullerton has submitted nothing to show that it had actual or constructive knowledge that the cart posed a risk, and accordingly that Fullerton has failed to establish a necessary element of his negligence claim, duty.

_____

[1] Fullerton argues, essentially, that it is more efficient to locate the risk posed by potentially defective shopping carts with a store than with its customers, because individual customers are unlikely to inspect their carts for hidden risks. Opp. at 11. His arguments may or may not be persuasive as a matter of policy, but the common law of Maryland has already allocated the risk, and the Court declines Fullerton's implicit invitation to alter the common-law test.

Fullerton argues that two genuine disputes of material fact bar summary judgment on this claim: whether the cart posed a "concealed or generally undetectable hazard," and whether Lowe's should have known about the risk the cart posed (assuming that it did pose one). Opp. at 15. Even if a genuine dispute of material fact exists as to the first point, however, summary judgment for the companies may still be appropriate if Fullerton has failed to establish a necessary part of his case on the second point. Celotex, 477 U.S. at 323.

Lowe's responds that no genuine dispute of material fact on the second point exists, as Fullerton has submitted no evidence whatsoever of its actual or constructive knowledge of the risks posed by the cart. Mot. at 8, 9; Reply at 3-4. Fullerton does argue that a major competitor of Lowe's, Home Depot, has placed "conspicuous warnings" on the trucks its customers use in its Frederick store. He makes this argument in his motion, however, without submitting any evidence supporting his contention and without specifying the degree of similarity between the trucks on which Home Depot places a warning and the truck that injured Fullerton. His statement in his pleading as to Home Depot's practice would not be admissible at trial and thus does not defeat summary judgment. Even were it admissible evidence and thus subject to consideration under this motion, a competitor's practice at a single store does not raise a question as to knowledge by Lowe's of any risk posed by a cart that may or may not resemble the carts the competitor uses.

Other unchallenged evidence as to Lowe's knowledge not only fails to generate a dispute but strengthens Lowe's argument. Carts designed like the one that injured Fullerton are used in thousands of settings in a wide variety of work environments. (The record is silent as to whether they are ordinarily given warning signs when the general public makes use of them.) Lowe's

-3-

has used the same kind of carts "in their stores for over ten years without incident." Mot. Ex. C.
at 4-5; Mot. Ex. G. Lowe's "has no knowledge of any other accidents involving customers being
injured by the carts tipping." Mot. Ex. C at 5.

In further response to the motion by Lowe's, Fullerton directs the Court's attention to
Michalski v. The Home Depot, 225 F.3d 113 (2d Cir. 2000). The Michalski court held that
under New York law, an invitor may be liable even for openly and obviously dangerous
conditions. The Court reads Fullerton's reference to Michalski as an argument that the cart's
alleged danger was open and obvious enough that Lowe's should have been charged with notice
of it. Michalski, like a similar Maryland case, Tennant v. Shoppers Food Warehouse Maryland
Corporation, 115 Md. App. 381, 693 A.2d 370 (1997), concerns a danger that is plainly open and
obvious, an obstacle on or near the floor. Both cases find that the danger should have been
obvious enough to the store for liability to attach, but not so obvious to the customer as to
prevent liability as a matter of law.

The case at bar bears little resemblance to most notice cases in Maryland. Maryland
cases dismissed on lack of notice have almost uniformly concerned short-term dangers created by
third parties or by natural causes, not long-term risks created by the business owners who were
being sued. In Carter, the hazard of which the store had no knowledge was inherently temporary:
a carpet whose edge had been flipped up. Carter v. Shoppers Food Warehouse Md. Corp., 126
Md. App. 147, 161, 727 A.2d 958, 965 (1999). In Moulden, the store lacked notice of a dropped
string bean on the floor of a grocery store. Moulden v. Greenbelt Consumer Servs., 239 Md.
229, 210 A.2d 724 (1965). Likewise Maryland courts have dismissed cases for lack of notice of
an "oily greenish grayish substance" on a staircase, Montgomery Ward & Co. v. Hairston, 196

Md. 595, 78 A.2d 190 (1951), and oil or grease on a floor, <u>Lexington Market Authority v.</u>

<u>Zappala</u>, 233 Md. 444, 197 A.2d 147 (1964); <u>Moore v. American Stores Co.</u>, 169 Md. 541, 182

A.2d 436 (1936). The question in these and most other notice cases is not whether the proprietor

knew or should have known that the physical situation posed a risk, but whether the proprietor

knew or should have known that the physical situation existed at all. As one Maryland court

cited by Lowe's has noted, "[t]here is a distinction to be made between those cases which occur

as a result of some overt action by the owner or his [or her] employees . . . and . . . notice type of

cases. In the first type, notice is usually not an issue since the owner or his employees are alleged

to have created the dangerous condition." <u>Keene v. Arlan's Dept. Store of Baltimore</u>, 35 Md.

App. 250, 256, 370 A.2d 124, 128 (1977).

　　　　Even in <u>Pahanish v. Western Trails, Inc.</u>, 69 Md. App. 342, 517 A.2d 1122 (1986), the

question was notice of physical fact, not notice of degree of risk. Pahanish was thrown from a

horse after riding equipment broke, and the Court of Special Appeals dismissed the action for

lack of notice to the stable owner that the riding equipment (or horse) was defective. The open

and obvious danger doctrine did not arise, because the equipment suddenly broke and no one had

any reason to suspect that it would. <u>See also</u> <u>Cataldo v. Waldbaum, Inc.</u>, 664 N.Y.S.2d 126 (Ct.

App. 1997)(dismissing where no one had any reason to expect equipment failure); <u>cf.</u> <u>Bray v.</u>

<u>Great Atlantic & Pacific Tea Co.</u>, 3 N.C. App. 547, 550, 165 S.E.2d 346, 349 (1969)(dismissing

where no evidence explains why a grocery cart tipped over at all). In the case at bar, it is

arguable that Lowe's should have known that the cart posed a risk.

　　　　In the case at bar, Lowe's admittedly selected the cart and made it available to customers.

The notice issue is its knowledge that a risk existed (whether the cart was dangerous), not its

knowledge of the physical facts (whether there was a string bean in the aisle). The case at bar analytically belongs, not with notice cases about short-term risks created by third parties, but with cases about conditions that were plainly created by the business owner and were arguably dangerous. The right question is whether any danger the cart posed was obvious enough for Lowe's but not for Fullerton to be charged with notice of it.[2] This question implicates the doctrine of open and obvious danger, discussed in <u>Michalski</u>.

Maryland follows the traditional tort doctrine barring liability for injuries resulting from open and obvious dangers. <u>See</u> <u>Maryland State Fair & Agric. Soc'y v. Lee</u>, 29 Md. App. 374, 379 n.2, 348 A.2d 44, 48 n.2 (1975)(reviewing doctrinal confusion as to open and obvious dangers); <u>Mazda Motor of America v. Rogowski</u>, 105 Md. App. 318, 329, 659 A.2d 391, 396 (1995)(discussing the latent/patent rule). Some Maryland cases on open and obvious dangers concern manufacturer liability, <u>see, e.g.</u>, <u>Mazda</u>, 105 Md. App. 318, 659 A.2d 391 (denying recovery because it is open and obvious that a seatbelt cannot protect a car's passenger from all dangers), some concern dangerous bodies of water or conditions on open land, <u>see, e.g.</u>, <u>Casper v. Charles E. Smith & Son</u>, 316 Md. 573, 560 A.2d 1130 (1989)(denying liability for the

---

[2] Lowe's cites Maryland cases on chair-related injuries. Neither is apposite. In <u>Smith v. Bernfeld</u>, 226 Md. 400, 174 A.2d 53 (1961), the Court of Appeals found insufficient evidence of "faulty construction" of a chair, because a contrary finding would mean that "almost any movable chair would be inherently dangerous." 226 Md. at 407, 174 A.2d at 56. Fullerton has alleged design defect, and a finding for Lowe's would not render every shopping cart inherently dangerous.

In <u>Williams v. McCrory's Stores</u>, 203 Md. 598, 102 A.2d 253 (1954), the Court of Appeals refused to apply the doctrine of res ipsa loquitur or to find notice of a defect triggering a duty where the defendant maintained that a chair had "no defect whatever" and where some testimony suggested that the chair had not fallen at all but the plaintiff had merely fallen out of it spontaneously. The case at bar is distinct, as Fullerton has alleged a design defect in the cart, and regardless of the fact that Lowe's did not manufacture the cart.

drowning of two children because the danger posed by ice on ponds is open and obvious and children in Maryland are charged with knowledge of it), and some concern a business invitor's liability to his or her invitees.

The closest Maryland case to <u>Michalski</u> is a recent Court of Special Appeals case, <u>Tennant v. Shoppers Food Warehouse Maryland Corporation</u>. 115 Md. App. 381, 693 A.2d 370 (1997). A grocery store's employee put a box of vegetables and pile of leaves on the floor in the produce aisle of a grocery store. The <u>Tennant</u> court found that notice to the store was not an issue, apparently on the theory that the danger posed by the boxes and leaves in the aisle was obvious. However, the court did not find that the danger was open and obvious enough to bar liability; it sent the case to the jury on whether the store had negligently created a risk. In the case at bar, a reasonable jury could find that Lowe's, and perhaps not Fullerton (although the question does not currently arise), should be charged with knowledge of any risk the cart posed.[3]

The Maryland Court of Appeals has defined a business invitor's "duty to see that the premises and equipment intended for [customers'] use were reasonably safe and to warn them of any dangerous condition known, or which reasonably ought to have been known, to the defendant, but not to his patrons." <u>Nalee v. Jacobs</u>, 228 Md. 525, 529, 180 A.2d 677, 679 (1962). Where a bench in a store was unexpectedly unstable, the court found "a breach of the defendant's duty to the plaintiff to furnish reasonably safe equipment." 228 Md. at 530, 180 A.2d

---

[3] <u>Michalski</u> and <u>Tennant</u> both rely in part on the idea that shoppers, more than pedestrians and others, can be forgiven for tripping. 225 F.3d at ---; 115 Md. App. at 391, 693 A.2d at 375-76. This "distracted shopper" analysis is not relevant in the case at bar. In addition it could be argued that the risk of tripping in <u>Michalski</u> and <u>Tennant</u> is more open and obvious than the risk of tipping the cart over in the case at bar.

at 680. Similarly, for example, courts applying Maryland law have found that invitors may be liable for failure to maintain the staircases in their stores, <u>Dickey v. Hochshild, Kohn & Co.</u>, 157 Md. 448, 146 A.2d. 282, 284 (1929), for failure near a horse track to provide a chain link fence instead of a stone wall and a dirt path instead of an asphalt path, <u>Maryland State Fair</u>, 29 Md. App. 374, 348 A.2d 44, and for failure to discover and fix an architectural problem tending to generate icy patches in a parking lot,[4] <u>Bass v. Hardee's Rest.</u>, 982 F. Supp. 1041, 1043-44 (D. Md. 1997).

Analytically, the case at bar requires the Court to ask not whether Lowe's had notice of the risk but whether any danger posed by the cart was open and obvious enough to an invitor that Lowe's should be charged with knowledge of it. Whether a danger is open and obvious is usually a jury question. <u>Gellerman v. Shawan Road Hotel Ltd. P'ship</u>, 5 F. Supp. 2d 351, 352 n.1 (D. Md. 1998)(Davis, J.)(noting general rule as to invitees, while departing from it). This Court has found a defect to be open and obvious to an invitee where "there is nothing to obstruct or interfere with one's ability to see . . . a 'static' defect," ruling that in such cases "the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." 5 F. Supp. 2d at 353 (citation omitted). In the case at bar, Fullerton has submitted enough evidence to justify a finding that the cart posed an open and obvious danger that Lowe's should have identified, and thus enough evidence to survive summary judgment on the grounds

---

[4] Although Lowe's argues that <u>Bass</u> turned "entire[ly]" on whether or not the plaintiff was an invitee, Reply at 5, the court also found that a genuine dispute of material fact existed as to the store's negligence if the plaintiff was an invitee.

presented in the motion under consideration. Whether Fullerton too should have identified any risk the cart posed is not before the Court.

In responding to interrogatories, Fullerton claimed that Lowe's was negligent in delaying a call for an ambulance after he was injured. Mot. Ex. F at Ans. 6. His complaint mentions no such delay. Mot. Ex. B. In opposing summary judgment, he mentions a period of time between the accident and the call for the ambulance, Opp. at 6, but nowhere argues that a distinctive claim for negligence on this basis should survive summary judgment. The Court concludes that no such claim is raised in the pleadings and does not address it.

### III.

In Maryland, the corporate veil may be pierced if there is proof of fraud or a need to enforce a paramount equity. Residential Warranty v. Bancroft, 126 Md. App. 294, 306-07, 728 A.2d 783, 789 (1999). Although Fullerton argues that a genuine dispute of material fact precludes summary judgment for Lowe's Companies, Opp. at 15, he has offered no evidence to support either finding. He cites to an annual report of Lowe's Companies that is irrelevant. He makes no specific argument that any paramount equity is implicated. Accordingly, the Court will grant summary judgment to Lowe's Companies.

December 27, 2000

William M. Nickerson
United States District Judge