FILED _____
LODGED _____

MAR 28 2001
AT
CLERK U.S.
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID JOHN FULLERTON          *
                              *
                              *
       v.                     *    CIVIL NO. WMN-00-0302
                              *
                              *
                              *
LOWE'S COMPANIES, INC., et al. *

## MEMORANDUM OPINION

While David John Fullerton was shopping at a Lowe's Home Center store, he loaded a flatbed cart with ceiling tiles. The cart tipped over, crushing his foot. Fullerton sued Lowe's Home Centers, Inc., and Lowe's Companies, Inc. [collectively "Lowe's"] in tort, and the companies moved for summary judgment. On December 27, 2000, the Court denied summary judgment for Lowe's Home Centers, Inc., and granted it for Lowe's Companies, Inc. Fullerton has moved for leave to amend his complaint to add another claim of negligence by Lowe's. Lowe's has moved for leave to file a motion for reconsideration of the Court's denial of summary judgment, and has moved for reconsideration of the Court's denial of summary judgment. For the reasons stated herein, all motions will be denied.

Fullerton seeks to amend his complaint to add the claim that after his accident, Lowe's personnel negligently delayed in calling an ambulance for him. Insofar as he asserts the new claim against Lowe's Companies, Inc., the claim is futile for the reasons given in the Court's memorandum opinion of December 27, 2000: Fullerton has provided no evidence whatsoever to



justify piercing the corporate veil to hold Lowe's Companies, Inc., liable for any negligence by Lowe's Home Centers, Inc.

Insofar as Fullerton asserts the additional claim against Lowe's Home Centers, Inc., his motion to amend is fatally late. The scheduling order that controls this litigation set a deadline of April 13, 2000 for any motion to amend the pleadings. Fullerton was fully aware of all facts related to the additional claim when he filed his complaint. Although Fullerton mentioned such a delay in responding to interrogatories, Mot. Ex. F at Ans. 6, Lowe's was not on notice that he intended to pursue a negligence claim on that basis. Lowe's would have to take additional discovery to defend against the new claim. Accordingly the Court will deny Fullerton's motion for leave to amend his complaint.

Lowe's asks the Court to reconsider its denial of summary judgment. The Court denied summary judgment on December 27, 2000, and Lowe's did not move for reconsideration until January 24, 2000, well after the ten-day deadline prescribed by Local Rule 105.10. Federal Rule of Civil Procedure 60, referenced in the Local Rule, does not provide an exception in this case. Accordingly, the Court will deny Lowe's motion to file a motion to reconsider and Lowe's motion to reconsider.

March 27, 2001

William M. Nickerson
United States District Judge